IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Howard Scott, | ) | |
| | ) | Case No.: 2:09-cr-991-PMD |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Howard Scott's *pro se* motion for relief under 28 U.S.C. § 2255 (ECF No. 128).[1] The Court has thoroughly reviewed the record and finds the motion suitable for disposition without an evidentiary hearing. For the reasons set forth herein, the Court dismisses Petitioner's motion without prejudice and without service of process.

The motion currently under review marks the fourth time that Petitioner has made a § 2255 challenge to his sentence. This Court dismissed the second and third challenges as unauthorized successive § 2255 motions. As with those second and third challenges, this Court concludes that Petitioner's current § 2255 motion is successive because it attacks the validity of Petitioner's sentence. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

A prisoner cannot file a successive § 2255 motion unless a panel of the appropriate court of appeals first certifies that the motion contains a claim relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

1. Several days before Petitioner filed his motion in this Court, he filed a mandamus petition in the United States Court of Appeals for the Fourth Circuit. Because Petitioner was seeking mandamus relief that was related to his later-filed § 2255 motion, this Court held the § 2255 motion in abeyance pending the Fourth Circuit's disposition of the mandamus petition. (*See* ECF No. 129.) Now that the Fourth Circuit has denied Petitioner's mandamus petition, *see In re Howard Scott*, No. 16-1489 (4th Cir. June 23, 2016) (per curiam), this Court hereby lifts its stay and proceeds to consider Petitioner's § 2255 motion.

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The Fourth Circuit has not issued such a certification here.  Without that certification, this Court lacks jurisdiction to review the motion.  *See Winestock*, 340 F.3d at 205.  Accordingly, it must dismiss the motion without prejudice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's motion is hereby **DISMISSED** without prejudice and without service of process.  The Court declines to issue a certificate of appealability.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 24, 2016**
**Charleston, South Carolina**

---

[2]. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Petitioner has not satisfied that standard.  Accordingly, the Court declines to issue a certificate of appealability.  *See* R. 11(a), § 2255 Rules.